UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

**JUN 29 2020**

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

UNITED STATES OF AMERICA,

v.  Case No. 18 CR 00813-1

DAVID P. DAVIS,
    Defendant.

MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO
CORRECT PRESENTENCE INVESTIGATION REPORT

### INTRODUCTION

Following his plea of guilty and prior to sentencing, the Defendant, David P. Davis, seeks correction of certain portions of his presentence investigation report pursuant to Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure, as amended. Specifically, it is argued that Rule 32(c)(3)(D) requires the correction of erroneous information in a federal offender's presentence report, and that the assertions based on information provided by pretrial department that Mr. Davis' convictions for manufacture and delivery of an other amount of a Narcotic Drug on 08/24/2013 in the Circuit Court of Cook County, and Aggravated Unlawful Use of a Weapon (AUUW) on 06/04/2016, also in the Circuit Court of Cook County, Illinois.

Failure to correct such information may result in disability regarding Mr. Davis' guideline sentencing range. It may also affect his classification for programs by the United States Bureau of Prisons, as well as his ultimate sentence by this Honorable Court.

-1-

<u>Defendant is entitled to be sentenced based on information which is materially true.</u> It is clear that a "rational penal system must have some concern for the probable accuracy of this informational inputs in the sentence process." <u>U.S. v. Weston</u>, 448 F.2d 626 (9th Cir. 1971), cert. denied 404 U.S. 1061 (1972). Thus, when a trial court is confronted with inaccurate information in a presentence report, and significantly relies on that misleading information in formulating a sentence, the United States Supreme Court has held that the sentence must be vacated and remanded for further proceedings more consistent with notions of fairness and due process of law. <u>Townsend v. Burke</u>, 334 U.S. 736 (1948); cf. <u>United States v. Lee</u>, 818 F.2d 1052 (2d Cir. 1987), cert denied, 484 U.S. 956 (sentencing court is required to assure itself that information upon which it relies when fixing sentence is reliable and accurate).

<u>Corrections to the Presentence Report</u>

The Probation Department concludes in its Presentence Report that a six (6)-level increase to the base level of sixteen (16)-levels is appropriate because Mr. Davis committed the instant offense after sustaining a felony conviction for a controlled substance offense, namely State of Illinois Docket No. 2013CR1987101.

The offense for which Mr. Davis is charged does not mandate a minimum sentence of imprisonment. In short, this is not a mandatory minimum case. In order to properly decide what sentence Mr. Davis is subject to, he requests the Court review his criminal record (See Exhibit A, attached and incorporated herein).

## The Categorical Approach is Required

The Seventh Circuit uses the categorical approach for determining whether prior convictions are "controlled substance offenses" under USSG §2k2.1. U.S. v. Smith, 921 F.3d 708, 712 (7th Cir. 2019). In Smith, the Court held that "[t]o determine whether a prior conviction is a controlled substance offense for purposes of the Guidelines, courts apply a 'categorical approach'..." and facts on matching the elements. Id.

The district court must apply the categorical approach to determine if Mr. Davis' Illinois drug case was "controlled substance offenses" under USSG §2k2.1 refers only to substances in the Controlled Substance Act ("CSA"). If the court refuses to apply the categorical approach, then it is going against the decisions in U.S. v. Smith, 921 F.3d 708 (7th Cir. 2019), and the Supreme Court's holding in Esquival-Quintana v. Sessions, 137 S.Ct. 1562 (2017).

### Illinois statutes 720 ILCS 570/401 and 402 are indivisible.

The elements of Mr. Davis' state drug conviction is broader than the guidelines' definition of "controlled substances offenses."

The first question in evaluating a prior conviction is to figure out if the statute of prior conviction is divisible. Najera-Rodruez v. Barr, 926 F.3d 343, 348 (7th Cir. 2019). A divisible statute defines multiple, distinct crimes, with different elements. An indivisible statute identifies just one crime, with one or multiple means of meeting each element. Najera, at 348. When a state statute is indivisible, it punishes conduct not covered by the federal enhancement provisions, it cannot be used as a predicate to enhance a federal

-3-

sentence. Descamps v. U.S., 570 U.S. 254, 277-278 (2013).

Under the categorical approach, Mr. Davis' Illinois Drug conviction is not divisible. In Najera-Rodriguez, the Seventh Circuit evaluated whether a provision of 720 ILCS 570/401 or 402 was divisible. In that case, the Court suggested a "peek" at the record of conviction to determine divisibility. Najera-Rodriguez, 926 F.3d at 350 (indivisibility signaled when record of conviction is non-specific as to means to satisfy an element).

Under the categorical approach, if the state statute of conviction does not prohibit the "manufacture, import, export, distribution, or dispensing of a controlled substance," then it does not trigger a §2k2.1(a)(3) enhancement or an increase to the guideline base level or defendant's criminal history.

The guidelines' definition of "controlled substance" is circumscribed by the CSA. The Court has no controlling authority on whether "controlled substance," in USSG §2k2.1(a)(3), application Note 2 of USSG §2k2.1 means a controlled substance in the Controlled Substance Act, or something broader. Regardless of the government's argument, under Smith, this Court must apply the categorical approach and focus on state elements, not a broad view of the facts. Also, see U.S. v. Garcia, 948 F.3d 789, 793 (7th Cir. 2019); and U.S. v. Elder, 900 F.3d 491, 497 (7th Cir. 2018).

Based upon Seventh Circuit case law, Mr. Davis' Illinois drug conviction cannot be used to enhance his base guideline level from 16 to 22. Nor can it be used to raise his criminal history level. See Presentence Report, Paragraph 19, Base Offense Level.

<u>Mr. Davis' criminal history was increased by three (3) levels due to a void state Aggravated Unlawful use of a Weapon (AUUW). Presentence Report, Paragraph 48.</u>

Mr. Davis has moved the Circuit Court of Cook County to vacate his void AUUW conviction (Docket number IL 16CR0978301, Jan. 11, 2017) pursuant to 735 ILCS 5/2-1401. In sum, Mr. Davis' conviction was rendered void by <u>People v. Aguilar</u>, IL 13112116, and a void conviction can be vacated at any time. See <u>People v. Castlebury</u>, 2015 IL 115916(a void conviction may be attacked either directly or indirectly at any time).

The Presentence Report has assigned Mr. Davis a criminal history score of V, including Illinois case no. 13CR1987101 (drug case) and Illinois case no. 16CR0978301 (AUUW). Neither case, as explained above, may be used to increase a defendant's federal guideline level or criminal history category.

## CONCLUSION

Mr. Davis' guideline base level is actually 16 instead of 22 as stated in the Presentence Report. He can be enhanced two levels pursuant to USSG §2k2.1(b)(4)A) since the firearm he is convicted of possessing was reported stolen from Louisville, Kentucky. Therefore, his guideline level is 18 prior to subtracting two levels for acceptance of responsibility and one level for timely notifying authorities of his willingness to plead guilty. Mr. Davis' guideline level for sentencing purposes should be at fifteen (15).

Since the Illinois drug case and AUUW case are prohibited from being used by probation office in calculating criminal history

category, Mr. Davis' score should be zero to two or Criminal History Category I or II. Based upon a Criminal History Category Level II, and guideline level 15, Mr. Davis' sentencing range is 21 to 27 months imprisonment and not the 70 to 87 months recommended by the Probation Department.

Respectfully submitted,

David P. Davis
Defendant
#53675-424
Metropolitan Correctional Center
71 W. Van Buren St
Chicago, IL 60605

CERTIFICATE OF SERVICE

I, David P. Davis, certify that on June_____, 2020, I deposited the attached Motion and Memorandum in Support of Motion to Correct Presentence Report with the MCC Chicago Legal Mail System, first class postage prepaid and addressed as follows:

Clerk of the U.S. District Court
219 S. Dearborn St.
Chicago, IL 60604

Hon. Robert Gettleman
U.S. District Judge
219 S. Dearborn St.
Chicago, IL 60604

U.S. Attorney
219 S. Dearborn St.
Chicago, IL 60604

Respectfully,

David P. Davis

DAVID P. DAVIS
53675-424
METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN ST.
Chicago, IL. 60605

Legal Mail
Prisoner Correspondence

2020 JUN 29 AM 8:46

60604-180099

Clerk of The U.S. Court
U.S. District Court
Northern District of Illinois
219 S. Dearborn St.
Chicago, IL. 60604

METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN STREET
CHICAGO, IL 60605

The enclosed letter was processed through special mailing procedures for forwarding to you. This letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the materiel for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

06-24-2020



06/29/2020-36